# IN RE AMERICAN CIRCULAR LOOM COMPANY (2).

TRADEMARKS.

1. An exclusive right to the use of words, letters, or symbols to indicate merely the quality of goods to which they are affixed cannot be acquired.

2. While arbitrary words, adopted primarily as a mark to indicate origin or ownership, may sometimes, through long-continued and wide sale of the particular article, come to indicate quality also, and in such event the owner will not be debarred from their protection as a trademark, it must appear with certainty that at the time of adoption the mark was for the purpose of indicating origin, manufacture, or ownership, and not at all as descriptive of grade or quality.

3. The words "circular loom," for use upon conduits and coverings for electrical conductors, are descriptive, and a trademark therefor is not registerable, where it appears, from the specimen sections of tubes presented, that the protective cotton tube is obviously woven on a circular loom of the type shown in a previously granted patent.

No. 378.    Patent Appeals.    Submitted November 20, 1906.    Decided December 4, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for registration of a trademark.                                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Charles F. Perkins, Mr. Arthur W. Harrison, Mr. Everett N. Curtis,* and *Mr. Wm. S. Hodges* for the appellant.

*Mr. Fairfax Bayard* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appellant, the American Circular Loom Company, appeals from a decision refusing registration of the words "circular loom" as a trademark for "conduits and coverings for electrical conductors containing a resilient spiral lining, and an element for closing the openings between the spirals."

The specimen sections of tubes exhibited with the applications show, as stated by the Examiner of Trademarks, "conduits and coverings for electrical conductors, consisting of fibre spirals wrapped with fibre and tape, and covered with a protective cotton tube with an outer coating of an insulating compound and mica." The ground of refusal is thus stated: "The protective cotton tube is obviously woven on a circular loom of the type shown in the patent to C. N. Brown, No. 690,355, December 31, 1901 (see Fig. 10, thereof), and therefore the term 'circular loom,' as applied to the applicant's goods, is believed to be descriptive."

If the term be in fact descriptive, the refusal of registration was undoubtedly right; for, as said by Mr. Chief Justice Fuller in *Lawrence Mfg. Co.* v. *Tennessee Mfg. Co.* 138 U. S. 547, 34 L. ed. 1003, 11 Sup. Ct. Rep. 396: "Nothing is better settled than that an exclusive right to the use of words, letters or symbols to indicate merely the quality of the goods to which they are affixed cannot be acquired." See also *Brown Chemical Co.* v. *Meyer,* 139 U. S. 540, 542, 35 L. ed. 247, 248, 11 Sup. Ct. Rep. 625, in which it was held that the words "Iron Bitters" were "so far indicative of the ingredients, characteristics, and purposes of the plaintiff's preparation" that they could not be appropriated as a trademark. In the opinion in that case, Mr. Justice Brown said: · "The general proposition is well established that words which are merely descriptive of the character, qualities, or composition of an article, or of the place where it is manufactured or produced, cannot be monopolized as a trademark." The principle so well established has been embodied in the recent trademark act, sec. 5 of which denies registration

to "words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods."

It is true that the entire conduit of the applicant is not the product of a circular loom, but a material part of the construction is the protective cotton tube that receives the outer coating, and which, as said by the examiner, is "obviously woven on a circular loom." What plainly appears upon ordinary inspection must, for a stronger reason, be well known to dealers in the goods; and it may well be inferred that this product of a circular loom, namely, a seamless protective cotton tube, is considered a superior quality in the trade. To this extent, the words "circular loom" are clearly descriptive of one of the chief ingredients or characteristics of the conduits to which they are applied.

Nor is this objection met by the contention of the applicant that, as shown in the Herrick patent under which its manufacture is carried on, this element may be braided or knitted, and not necessarily woven; and even if woven it is not indispensable to employ a circular loom, as a strip woven in a straight loom and folded longitudinally about the tube would accomplish the purpose shown in Figure 4 of the Herrick patent. The answer is that it is not made in either of these possible forms; and, if it were, the words "circular loom" would amount to a false description.

It is further contended that "the words 'circular loom' have never been used by the trade in a strictly descriptive sense, but have always been used in an arbitrary manner, and at the most are merely suggestive of one of the several parts of the appellant's conduit." It would seem that what is "suggestive" of an ingredient or characteristic of an article of manufacture is also descriptive of the same. Be that as it may, there is nothing beyond this argumentative statement to show that the words were originally adopted, or have ever been understood, in a secondary sense, as indicative of origin or ownership, and not of quality. They are not merely coined, fancy, or arbitrary words that can have no other reasonable effect than to indicate

origin or ownership. Sometimes arbitrary words, adopted primarily as a mark to indicate origin or ownership, may, through long-continued and wide sale of the particular article, come to indicate quality also, and in such event the owner would not be debarred from their protection as a trademark. It would have to appear with certainty, however, that at the time of adoption the mark was for the purpose of indicating origin, manufacture, or ownership, and not at all as descriptive of grade or quality. *Lawrence Mfg. Co.* v. *Tennessee Mfg. Co.* 138 U. S. 537, 547, 34 L. ed. 997, 1003, 11 Sup. Ct. Rep. 396; *Cellular Clothing Co.* v. *Maxton* [1899] A. C. 326. In that case, as in the first of the two citations, the question of unfair trade or competition was also involved. It was held that the word "cellular," being a word descriptive of the article of cloth manufactured, could not be appropriated as a technical trademark. It was also contended in that case that by long-continued manufacture and sale of the particular goods the word had come to be generally regarded in a secondary sense, as indicating nothing more than origin and manufacture. Considerable evidence was offered on the point, but its sufficiency was denied. Referring to the case of *Reddaway* v. *Banham,* known as *The Camel's Hair Belting Case* [1896] A. C. 199, which all of the judges distinguished from the case at bar, Lord Shand said (p. 340): "Of that case I shall only say that it no doubt shows it is possible, where a descriptive name has been used, to prove that so general—I should rather say so universal—has been the use of it as to give it a secondary meaning, and so to confer on the person who has so used it a right to its exclusive use, or, at all events, to such a use that others employing it must qualify their use by some distinguishing characteristic. But I confess I have always thought, and I still think, that it should be made almost impossible for anyone to obtain the exclusive right to the use of a word or term which is in ordinary use in our language, and which is descriptive only, and, indeed, were it not for the decision in *Reddaway's Case,* I should say this should be made altogether impossible." Lord Davey said (p. 343): "A man who takes upon himself to prove that

words which are merely descriptive or expressive of the quality of the goods have acquired the secondary sense to which I have referred assumes a much greater burden,—and, indeed, a burden which it is not impossible, but at the same time extremely difficult to discharge,—a much greater burden than that of a man who undertakes to prove the same thing of a word not significant and not descriptive, but what has been compendiously called a 'fancy' word." See also *Bennett* v. *McKinley,* 13 C. C. A. 25, 26, 26 U. S. App. 496, 65 Fed. 505.

We consider the question presented here as governed by the foregoing authoritative decisions, and shall not consume time in an attempt to review the multitude of cases cited in the briefs, in many of which analogous words have been upheld as trademarks, and in many others denied. In very many of them, moreover, the question involved was one of fair trade, and not of technical trademark. It is only a question of the latter kind that can come before us on appeals from the refusal of registration in the Patent Office. We agree with the tribunals of the Patent Office that the words "circular loom," as presented in the application, are descriptive in the sense of the law forbidding registration as a trademark.

The decision appealed from will therefore be affirmed; and the clerk will certify this decision to the Commissioner of Patents as required by law.                          *Affirmed.*